IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION and       PLAINTIFFS
T. HARRIS COLLIER, III

V.                              CIVIL ACTION NO. 3:10-CV-00550-DPJ-FKB

LEE P. MOSER and                                DEFENDANTS
CAROL P. MOSER

ORDER

This case is before the Court on the motion of Defendants Lee and Carol Moser for dismissal based on lack of diversity jurisdiction [7]. Plaintiffs Federal National Mortgage Association ("Fannie Mae") and T. Harris Collier have responded in opposition [12]. Having considered the memoranda and submissions of the parties, along with the pertinent authorities, the Court finds that Defendants' motion should be denied.

I.      Facts and Procedural History

On or about February 22, 2001, Lee and Carol Moser, both residents and citizens of the State of Mississippi, executed twelve promissory notes to and in favor of Community Bank, to finance their purchase of twelve separate tracts of single family residential real estate. To secure the indebtedness, the Mosers granted Community Bank a deed of trust in each of the twelve properties. Community Bank then sold the loans and transferred rights to the underlying promissory notes to Trustmark National Bank ("Trustmark"), a corporation and citizen of Mississippi. Thereafter, Trustmark assigned the deeds of trust and underlying promissory notes to Fannie Mae, a corporation and citizen of the District of Columbia. Trustmark retained the servicing rights and continued to service the loans on behalf of Fannie Mae. While Trustmark

employee T. Harris Collier, a resident and citizen of Mississippi, was appointed the substituted trustee for the deeds, Fannie Mae remained the holder of the promissory notes.

When the Mosers defaulted on their payments under the promissory notes, Fannie Mae and Collier accelerated and enforced the balance of the promissory notes pursuant to the deeds of trust. Fannie Mae and Collier then filed this suit seeking judicial foreclosure. Plaintiffs premise jurisdiction on 28 U.S.C. § 1332 , and there is no dispute that the amount in controversy exceeds $75,000. But the Mosers moved to dismiss pursuant to Rule 12(b)(6) claiming that Trustmark is a necessary party whose presence would destroy complete diversity.[1]

II.     Analysis

The case presents in an unusual posture. Defendants moved to dismiss under Rule 12(b)(6) which addresses the failure to state a claim. But the motion is premised on the argument that complete diversity is lacking because Trustmark, a non-diverse party, must be added under Rule 19. Lack of subject-matter jurisdiction is a matter addressed under Rule 12(b)(1), but the jurisdictional argument fails before it starts. Under Rule 19(a), joining Trustmark is not required if it would "deprive the court of subject-matter jurisdiction."

The motion would still fail if presented under Rule 12(b)(7), which addresses the failure to join a necessary party under Rule 19. As explained by the Fifth Circuit,

---

[1] The Mosers asserted that Trustmark "and its employee, the named T. Harris Collier, are necessary parties to the suit thus defeating diversity jurisdiction." Def.'s Mot. [7] at 1. Notably, the original motion ignores Collier after this sentence, and the Mosers' Rebuttal seems to abandon the argument that he destroys diversity. Rebuttal [16]. Regardless, Collier would not destroy diversity. *See Hawkins v. Wells Fargo Bank, N.A.*, Civ. Action No.1:07-CV-399, 2008 WL 216529, at 1 (S.D. Miss. Jan. 23, 2008); *Sones v. Simmons*, Civ. Action No. 1:05-CV-424, 2006 WL 2805325, at 1 (S.D. Miss. Sept. 25, 2006) (holding that the substituted trustee was a nominal party).

> Rule 12(b)(7) analysis entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. Factors to consider under Rule 19(b) include "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed."

*HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). "The burden is on the moving party to show the nature of the unprotected interests of the absent parties." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 n.11 (5th Cir. 2003) (citing 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1359 (2d ed. 1990)).

The Mosers initially argued that Trustmark is a necessary party as an agent for Fannie Mae. The argument is legally incorrect and was abandoned in rebuttal. *See Nottingham v. Gen. Am. Commc'ns. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (holding that Rule 19 "does not require the joinder of principal and agent."). The Mosers likewise abandoned any suggestion that Trustmark is necessary for the foreclosure aspect of this suit. Instead, they argue in rebuttal that Trustmark is a necessary party for Fannie Mae's claim to a deficiency judgment. But at best, the Mosers demonstrate that Trustmark and its employees may be necessary witnesses. There is no indication that Trustmark would be prejudiced in any way as an absent party or that adequate relief cannot be given without Trustmark's participation as a party. *See Wingate*, 327 F.3d at 439.

III.   Conclusion

For the foregoing reasons, the Court concludes that Defendants' Motion to Dismiss is denied.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2011.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE